UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM GUZMAN-RODRIGUEZ,

Plaintiff,

-against-

JOHN DOE,

Defendant.

26-CV-5316 (GBD)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff, who currently is incarcerated at Mid-State Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that correction officers failed to protect him from being assaulted by another person in custody when he was incarcerated at Fishkill Correctional Facility.[1] By order dated August 14, 2026, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Guzman-Rodriguez v. Doe(s)*, No. 9:26-CV-1087 (N.D.N.Y. June 23, 2026). By order dated June 23, 2026, the Northern District transferred this action to this court. (ECF 2.) By order dated June 26, 2026, the court directed Plaintiff to pay the filing fees to bring this action or submit an application to proceed *in forma pauperis* and a prisoner authorization. (ECF 5.) The court received Plaintiff's IFP application and prisoner authorization on July 14 and July 15, 2026.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[3] On March 10, 2026, at Fishkill Correctional Facility, Plaintiff was "jumped" by three incarcerated individuals, leaving him with cuts on his neck, stomach, and head. (ECF 1, at 2.) Plaintiff was taken to an outside hospital, where he received 56 stitches.

Plaintiff asserts that an unspecified number of John Doe correction officers "failed to protect" him from being assaulted. (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

### A. Claims under federal law

Because Plaintiff is a convicted prisoner, his Section 1983 claims that Defendants failed to protect him from being attacked by other incarcerated individuals arise under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A prisoner must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions of confinement (including the risk of attack by other prisoners and the denial of mental-health treatment) are sufficiently serious, and (2) a "mental" element, which requires a showing that a prison official has acted with at least deliberate indifference to those conditions of confinement. *Darnell*, 849 F.3d at 29, 33 n.9; *see Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Under the objective element, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted). Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting prisoners from harm caused by other prisoners. *See Farmer*, 511 U.S. at 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).

The second element—the "subjective" or "mental" element – requires a convicted prisoner to allege that a prison official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). "[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial serious risk of serious harm and disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620. Farmer, 511 U.S. at 837. Thus, an official is not liable under the Eighth Amendment for "failure to alleviate a significant risk that he should have perceived but did not." *Farmer*, 511 U.S. at 837). Moreover, the mere negligence of a prison official, however, is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff simply alleges that he was attacked by other incarcerated individuals and asserts that the defendant correction officers should have protected him. He alleges no facts suggesting that he was at an objectively serious risk of assault by other incarcerated individuals or that any correction officer knew of such a risk of attack and failed to take reasonable steps to prevent it. The Court therefore dismisses Plaintiff's Section 1983 failure-to-protect claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that alleges facts curing the deficiencies identified above.

**B. State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011);

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 failure-to-protect claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims and cure the deficiencies identified above,

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

**SO ORDERED.**

Dated: SEP 09 2026

New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge